12-4546-cr
*United States v. Akefe*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand fourteen.

PRESENT:
> RALPH K. WINTER,
> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

 *Appellee,*

  v.             No. 12-4546-cr

ADEREMI J. AKEFE,

 *Defendant-Appellant,*

NA HEEM TOKUMBO ALADE,

 *Defendant.[*]*

---

**FOR ADEREMI AKEFE:**       PETER J. TOMAO, Law Office of Peter J. Tomao, Garden City, NY.

---

[*] The Clerk of Court is directed to amend the caption in this case to conform to the listing of the parties above.

**FOR UNITED STATES OF AMERICA:**  JANIS M. ECHENBERG (Justin S. Weddle, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of conviction, entered November 8, 2012, of the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Aderemi Akefe appeals from the District Court's judgment, sentencing him principally to 132 months' imprisonment for conspiring to distribute at least one kilogram of heroin, in violation of 21 U.S.C. § 846, and for conspiring to import at least one kilogram of heroin, in violation of 21 U.S.C. § 963. Akefe also appeals from the District Court's August 30, 2013 order denying his post-trial motion for a new trial. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

On February 18, 2009, Hafrida Saad was arrested at JFK airport while attempting to import over a kilogram of heroin packed in her suitcase, which she had obtained in India from her boyfriend Abraham Orji ("Abby") and his friend Innocent ("Inno"). Saad agreed to cooperate with the federal agents, and, at the agents' direction, called Abby for delivery instructions. Abby told Saad to travel to Detroit, and Saad provided Abby with her cellular phone number to give to the recipient of the heroin.

The next day, after Saad had pretended to travel to Detroit, she received a text from Abby instructing her to go to the Travelers Motor Inn. In response to two missed calls the next morning from different telephone numbers, an agent, using Saad's phone, sent a text message to both numbers that read "I going be at room 136 at 11:00," without providing the name of the hotel or its address. At 11:15 a.m., Akefe arrived at the Travelers Motor Inn in a Jeep, and knocked on room 136.

Two agents arrested Akefe, while another retrieved his cellular phone from the ground, which had been registered in a fake name and contained the text message that the agents had sent. Agents then searched Akefe's car and found a second cellular phone (registered in Akefe's real name), a brown paper bag containing $9,980 in cash, and a lottery ticket with handwriting on the back listing details related to the narcotics transaction.

On March 17, 2010, a jury found Akefe and co-defendant Na Heem Alade guilty of two counts of participating in narcotics-related conspiracies. The District Court sentenced Akefe principally to 132 months' imprisonment. After an initial appeal, we remanded the case for resentencing to allow the District Court to make further factual findings. On October 4, 2012, the District Court made such findings, and again sentenced Akefe to 132 months' imprisonment. Akefe

2

filed a second notice of appeal, which he amended on September 11, 2013 to include the denial of his post-trial motion for a new trial.

## DISCUSSION

The parties dispute whether the first four arguments raised by Akefe on appeal were abandoned, insofar as they were not raised during his first appeal.[1] We pretermit this question, and delve into each issue on the merits, assuming *arguendo* that they are ripe for review.

### I. Evidence Seized at the Time of Arrest

Akefe's first argues that the search of his person was not a search incident to a lawful arrest because the agents lacked probable cause to arrest him, and that the agents had no reason to believe his car contained contraband. We disagree.

A search incident to arrest is fully justified if there is "probable cause when the defendant is put under arrest to believe that an offense has been or is being committed." *United States v. Cruz*, 834 F.2d 47, 50 (2d Cir. 1987). Probable cause exists "if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." *United States* v. *Valentine*, 539 F.3d 88, 93 (2d Cir. 2008). With regard to vehicular searches, the Supreme Court has stated that "circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" *Arizona* v. *Gant*, 556 U.S. 332, 343 (2009) (quoting *Thornton* v. *United States*, 541 U.S. 615, 632 (2004)).

In the circumstances presented here, both searches were justified. Akefe initiated contact with Saad, a known narcotics courier, and he knew where to pick up the heroin after receiving only a vague message that Saad would be in room 136 at 11:00 a.m., clearly indicating that he had been communicating with someone else about the deal. The agents also had a reasonable belief that evidence of Akefe's drug crimes, such as additional cellular phones and large amounts of cash, would be found in his vehicle.

### II. Confrontation Clause

Akefe's also contends that the District Court violated his rights under the Confrontation Clause. At trial, the government elicited testimony from Agent Galu that co-defendant Alade, while being transported for processing, had stated "oh man, I didn't know you guys got him too, man, I can help you out, I can help you out." Agent Galu testified that this statement referred to "[a]nother

---

[1] As the government notes, we are generally foreclosed from reviewing so-called "abandoned" issues on appeal pursuant to the "law of the case" doctrine, under which "a court of appeals must usually adhere to its own decision at an earlier stage of the litigation." *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000); *see also United States v. Ben Zvi*, 242 F.3d 89, 96 (2d Cir. 2001) (stating that "a decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case" (internal quotation marks omitted)). Yet Akefe advised this Court during his first appeal that he wanted to make additional arguments in a supplemental *pro se* brief, which his attorney had purportedly refused to raise, but was never given the chance to do so prior to the remand for resentencing.

person arrested in this case." Akefe argues that the jury would infer that this statement referred to Akefe since he was the only other person arrested that day in that location.

In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that admission of a nontestifying co-defendant's confession naming the defendant as a perpetrator at their joint trial violates the defendant's Sixth Amendment right to cross-examination. *Id.* at 135-36. Because the statements at issue here neither manifested "obvious indications of alteration," *Gray v. Maryland*, 523 U.S. 185, 192, 118 S.Ct. 1151, nor otherwise signaled to the jury that the statements had originally "contained actual names," *United States v. Tutino*, 883 F.2d 1125 1135 (2d. Cir 1989), the relevant issue is whether the inference the jury would have had to make to connect Akefe to Alade's statement was sufficiently attenuated to place the statement outside *Bruton*'s scope. *See Gray v. Maryland*, 523 U.S. at 195-96.

After careful review, we conclude that Akefe's right to confrontation was not jeopardized. In order to make the rather attenuated inference that Alade's statement referred to Akefe, the jury would have had to rely on other trial evidence rather than the statement itself. *See United States v. Jass*, 569 F.3d 47, 62 (2d Cir. 2009) (noting that "we view the redacted statement in isolation to evaluate its likely impact on a jury"). Moreover, the other evidence of Akefe's guilt was so overwhelming that, even if we had identified *Bruton* error, it would be harmless beyond a reasonable doubt. *See id.*

### III. Prior Narcotics Transactions

The next issue on appeal is whether the District Court "abused its discretion" in denying Akefe's Rule 404(b) motion to preclude evidence of a co-conspirator's prior delivery of drugs to Akefe. We reject this argument, however, because such a motion was never made, and, in any event, would have been misplaced because the conduct at issue was part of the charged conspiracy—a drug conspiracy spanning from 2005 to 2009—not a prior bad act covered by Rule 404(b).

### IV. Cross Examination of Agent Galu

Akefe also argues that the District Court "abused its discretion" in granting the government's motion to preclude Akefe from cross examining Agent Galu about a closed Office of Professional Responsibility investigation. We conclude that this limitation was appropriate given that the allegations against Agent Galu were wholly unrelated to the instant case and, in any event, found to be unsubstantiated.

### V. Motion for a New Trial

Akefe's final argument on appeal is that the District Court "abused its discretion" in denying his Rule 33 motion for a new trial, which was based on (1) purported inconsistencies between Saad's testimony at Akefe's trial and Saad's testimony at the subsequent trial of a co-conspirator, and (2) the Government's purported violation of *Brady v. Maryland*, 373 U.S. 83 (1963), in not turning over transcripts of proceedings in the Eastern District of Michigan relating to Akefe's pretrial detention.

After careful review, we conclude that there was nothing "newly discovered" about Saad's testimony at the subsequent trial, insofar as it tracked the Jencks Act material that was already in

Akefe's possession during his own trial.  We also conclude that there was no *Brady* violation because Akefe's trial counsel was present during the Michigan proceedings, which, in any event, did not reveal *Brady* material.

## CONCLUSION

We have considered all of the arguments raised by Akefe on appeal and find them to be without merit.[2]  For the reasons stated above, we **AFFIRM** the District Court's November 8, 2012 judgment and its August 30, 2013 order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Because these claims were meritless, we also reject Akefe's argument that his prior counsel was deficient in not raising these issues during the prior appeal.